SOUTHERN COAST CORPORATION,
Appellant,

v.

NATURAL GAS PIPELINE COMPANY
OF AMERICA, Appellee.

No. 20688.

United States Court of Appeals
Fifth Circuit.

Oct. 13, 1964.

Rehearing Denied Nov. 27, 1964.

W. M. Lewright, James McCollum
Burnett, Corpus Christi, Tex., Lewright,
Dyer & Redford, Corpus Christi, Tex.,
for appellant, Southern Coast Corporation.

Gerald D. James, Corpus Christi, Tex.,
Philip A. McKinsey, Chicago, Ill., Ross,
Hardies & O'Keefe, Chicago, Ill., Head &
James, Corpus Christi, Tex., Lynne B.
Johnson, Dean E. Peterson, Chicago, Ill.,
of counsel, for appellee.

Before HUTCHESON and BELL, Circuit Judges, and BREWSTER, District Judge.

PER CURIAM.

The question in this case is whether the appellee, Natural Gas Pipeline Company of America, met its minimum contractual obligation for the purchase of natural gas for the accounting period ending March 31, 1961, under its contract with Coastal States Gas Producing Company and the appellant, Southern Coast Corporation. The parties to the contract will be referred to as "Natural", "Coastal" and "Southern", respectively. The determination of that question will depend upon whether the accounting period ending March 31, 1961 was for one year, as provided under the original contract of November 15, 1957, or for two years as provided for under an amendment of January 1, 1960. Southern claims it was not a party to the amendment, and was therefore not bound by it. Natural took in excess of its minimum requirements on the basis of a two year balancing period ending March 31, 1961, but was deficient as to Southern for the one year period preceding that date, if the amendment was not binding on Southern.

In October, 1957, Southern and Coastal entered into a written contract combining certain interests severally owned by them in gas producing properties, gas purchase contracts, gas sale contracts

and gas gathering systems under a joint venture "for purchasing, gathering, servicing, transporting and marketing of natural gas." Coastal was made "operator" under the agreement.

The joint venture then made the contract of November 15, 1957 with the pipeline company, which contained a provision that Southern and Coastal were entering into it severally and not jointly. It was amended three times, including the last occasion on January 1, 1960.

The original contract provided that the pipeline company should take a specified minimum amount of gas each year, based on an accounting period ending on each March 31st during the life of such contract. Prior to January 1, 1960, Natural had taken more than the required amount for the balancing period to end on March 31, 1960. To avoid shutting down the gas wells for several months, Coastal negotiated the amendment of January 1, 1960, which provided that from April 1, 1959 through March 31, 1961, the balancing period should be on a two year basis instead of one, and that thereafter the parties would return to the one year accounting basis.

Coastal conducted all of the negotiations with the pipeline company for the original contract and each of the amendments. Southern signed the original contract and expressly ratified the first two amendments. While it did not sign the amendment of January 1, 1960, it did accept and retain substantial benefits under it with knowledge that Natural was operating on the basis that it was not then on the one year balancing period with the joint venture. It made no protest to Natural about the two year period until shortly after April 1, 1961, thereby depriving Natural of an opportunity to escape having to pay for gas it did not get.

On August 29, 1961, Natural brought an action against Southern for a declaratory judgment decreeing that Southern was bound by the amendment of January 1, 1960, and that the minimum take requirements of the November 15, 1957 contract, as so amended, had been met.

A few hours later, on the same day, Southern sued Natural to recover damages for a deficiency under the November 15, 1957 contract on the basis that it was under a one year accounting period from April 1, 1960 through March 31, 1961.

The two actions were consolidated and tried before a jury which returned a special verdict finding:

INTERROGATORY NO. 1

"Do you find from a preponderance of the evidence that Coastal States Gas Producing Company, when it executed the contract amendment of January 1, 1960, had apparent authority to bind Southern Coast Corporation by the amendment?

"You will answer 'Yes' or 'No.'

"We, the Jury, answer: Yes."

INTERROGATORY NO. 2

"Do you find from a preponderance of the evidence that Southern Coast Corporation is estopped from asserting that it is not bound by the contract amendment of January 1, 1960?

"You will answer, 'Yes, they are estopped' or 'No, they are not estopped'.

"We, the Jury, answer: Yes, they are estopped."

Judgment was entered on the verdict in favor of Natural and against Southern.

Southern contends that the trial court erred in overruling its motion for instructed verdict and its motion for judgment non obstante veredicto, each of which challenged the sufficiency of the evidence to raise the issues submitted to the jury.

A summary of the evidence on the matters at issue in the trial would necessarily be lengthy and would serve no purpose. Suffice it to say that upon a thorough consideration of the record, we have reached the conclusion that under the particular facts of this case the trial court acted correctly in overruling the above described motions, when consider-

**160**

ation is given to all of the direct and circumstantial evidence, and the legitimate inferences to be drawn therefrom, relating to the contract of November 15, 1957, its amendments, the situation and relationship of the parties, the entire course of dealings among them, and to the rule that a jury may reject all or any part of the testimony of interested witnesses.

The judgment of the trial court is affirmed.